NANCY J. DERRICKSON *vs.* CHARLES W. DERRICKSON, ADM'R. OE JEHU F. DERRICKSON, deceased.

Sussex County, October Term, 1896.

**Married Women. Judgment.**—Where judgment was entered against husband and wife, the latter being surety for the former, and after the death of the husband, his administrator paid the debt and took an assignment of the judgment, on application of the wife, the judgment against her will be opened and an entry made, that nothing is due upon it.

This was a rule to show cause why a judgment against Nancy J. Derrickson should not be opened and the amount due ascer-

tained. At the hearing it appears that Jehu F. Derrickson borrowed from the Farmers' Bank at Georgetown, $125, the note given therefor being endorsed by Charles M. Cullen. After the note had run for some time the same was paid on the 7th of July, 1892, by a judgment note signed by Nancy J. Derrickson and Jehu F. Derrickson and given to the bank for the debt of Jehu F. Derrickson, upon which judgment was entered by the bank. Jehu F. Derrickson afterwards died and the judgment was paid by the administrator and assigned to Charles W. Derrickson, administrator.

*C. W. Cullen,* for the petitioner, contended that the plaintiff signed the note, upon which judgment was entered, as surety with her husband, Jehu F. Derrickson, that the note had been paid off by the said Derrickson, that the plaintiff never received any of the proceeds of the note and, therefore, her property was not liable and that the judgment should be vacated and set aside.

It may be argued that she has paid the debt of another. · That is all that can be said. She is competent to do that. Any one is competent to pay the debt of another if able to do so. There is no proof here going further than that she has given a note in which she is principal in the note, or at least one of the co-obligees and the first named therein.

LORE, C. J., (delivered the opinion of the Court).

She has not paid the debt of another. She has only entered into an obligation to pay the debt of another with that other, and it is contended that the other paid the debt. Now you are asking her to pay the debt of the. other. If she had paid this debt, it would have been a very different matter, but she and the other agreed to pay the debt of the obligor. He has paid it, and now you are asking her to pay it again after he has paid it.

*Mr. Cullen.* Will the Court order that the rule be made absolute and the judgment satisfied. The prayer was to open the judgment, and ascertain the amount due on the judgment, if any.

PER CURIAM: The entry ought to be this, *judgment opened and upon proof it was shown to the Court that nothing was due on the said judgment.* We cannot do anything more than that. We cannot order that it be satisfied, but that practically satisfies it.